UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SADE P. BENSON<br>　　　Plaintiff<br><br>v.<br><br>WALTER N. WILLIAMS; PLAQUEMINES PARISH GOVERNMENT; and JOHN DOE<br>　　　Defendants | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* | CIVIL ACTION NO.<br><br>JUDGE:<br><br>SECTION:<br><br>MAG. JUDGE:<br><br>MAG. DIV.: |

* * * * * * * * * * * * * * * * * * * * * * * * * *

## COMPLAINT

NOW INTO COURT, through undersigned counsel, comes Plaintiff, **Sade P. Benson**, a person of the full age of majority domiciled in the State of Louisiana, who with respect, represents as follows:

### PARTIES

**1.**　The following parties are made defendant in this suit:

　　A.　**Walter N. Williams** ("Williams"), a person of the full age of majority domiciled in the Parish of Plaquemines, State of Louisiana, who was at all material times hereto the driver of the vehicle that caused the sued-upon collision in this civil matter;

　　B.　**Plaquemines Parish Government** ("Plaquemines Parish"), a governmental body and political sub-division of the State of Louisiana capable of suing and being sued in its own right, authorized to do and doing business in the Parish of Plaquemines, State of Louisiana, who was at all material times hereto the owner of the vehicle operated by defendant Williams in the sued-upon collision and who was at all material times hereto defendant Williams's employer; and

　　C.　**John Doe** ("Doe"), an as-yet unidentified person of the full age of majority and

presently unknown domicile who was at all material times hereto the "deckhand" employee of/on the vessel transporting Plaintiff and who caused and/or contributed to the sued-upon collision in this civil matter.

## JURISDICTION

2. This Honorable Court has original jurisdiction in this matter pursuant to 28 U.S.C. § 1333 as this matter presents a primary claim arising under general maritime law.

## VENUE

3. Venue is proper in the United States District Court for the Eastern District of Louisiana under 28 U.S.C. § 1391(b)(2) as a substantial part of the events and/or omissions giving rise to the asserted claim(s) occurred within this District.

4. Venue is likewise proper in the United States District Court for the Eastern District of Louisiana under 28 USC § 1391(b)(1) as a defendant herein (*e.g.*, defendant Williams) resides within this District.

## FACTS, LIABILITY, AND DAMAGES

5. On or about Friday, November 15, 2019, at approximately 9:10 a.m., plaintiff Sade Benson was positioned in her 2011 Infiniti QX56 parked in the front line on the port side of the Plaquemines Pride Ferry while being transported from the Belle Chasse Ferry Landing, located in Belle Chasse, Louisiana, across the Mississippi River to the Scarsdale Ferry Landing, located in Braithwaite, Louisiana.

6. At the same time, defendant Williams was operating a 2006 Ford F-150 in the course and scope of his employment by defendant Plaquemines Parish and was located on the bow of the Plaquemines Pride Ferry, a maritime vessel operating on the waters of the Mississippi River under

the flag of the State of Louisiana.

7.      During off-loading at the Scarsdale Ferry Landing, Plaintiff pulled her vehicle forward and was attempting to disembark the ferry when she was stopped by defendant Doe, who was off-loading vehicles on the bow of the ferry.

8.      Defendant Williams was directed by defendant Doe to back up his vehicle, and, while doing so, he backed into Plaintiff's vehicle, still positioned on the vessel, causing property damages and severe physical and mental personal injuries to plaintiff, all as a direct result of the negligence of defendants Williams and Doe

9.      The subject vessel, the Plaquemines Pride Ferry, is operated by defendant Plaquemines Parish Government, who is likewise understood on information and belief to have been the employer of defendants Williams and/or Doe at the time of the sued-upon collision.

10.     The above-described collision, caused by defendants Williams and/or Doe, caused Plaintiff to sustain compensable special and general damages including but not limited to property damage and physical and mental personal injuries.

11.     At the time of the collision sued upon herein, defendant Williams was operating his vehicle in the course and scope of his employment by defendant Plaquemines Parish, rendering defendant Plaquemines Parish vicariously liable to your petitioner under the doctrine of *respondeat superior*.

12.     At the time of the collision sued upon herein, and on information and belief, defendant Doe was directing vehicles in the course and scope of his employment by defendant Plaquemines Parish, rendering defendant Plaquemines Parish vicariously liable to your petitioner under the doctrine of *respondeat superior*.

13.     The collision and resulting damages sued upon herein were caused by the negligence of

defendant Williams in the following but not limited respects:

    A.    In improper backing;

    B.    In failing to keep a proper lookout;

    C.    In failing to maintain his vehicle under proper control under the circumstances;

    D.    In traveling at an excessive rate of speed;

    E.    In traveling in a reckless and careless manner;

    F.    In failing to see what he should have seen;

    G.    In failing to use reasonable vigilance; and

    H.    Other acts of negligence which will be shown at the time of trial.

14.     The collision and resulting damages sued upon herein were caused by the negligence of defendant Doe in the following but not limited respects:

    A.    In improperly directing traffic;

    B.    In failing to keep a proper lookout;

    C.    In failing to see what he should have seen;

    D.    In failing to use reasonable vigilance; and

    E.    Other acts of negligence which will be shown at the time of trial.

15.     Likewise, the collision and resulting damages sued upon herein were caused by defendants Williams, Doe, and Plaquemines Parish's respective breaches of their heightened standard of care owed to Plaintiff in her transport by and aboard the subject vessel.

16.     The above acts of negligence are in violation of the laws of the State of Louisiana and the applicable parish ordinances as well as controlling maritime law of the United States, all of which are hereby specifically pleaded and adopted by reference as if reproduced herein and set forth *in*

*extenso*.

17.     As a direct result of the collision sued upon herein and the negligence of defendants Williams, Doe, and/or Plaquemines Parish, plaintiff Sade Benson sustained serious and permanent injuries to her mind and body, including but not limited to injuries to her neck and back.

18.     Further, as a result of the collision sued upon herein and the negligence of defendants Williams, Doe, and/or Plaquemines Parish, plaintiff Sade Benson has sustained the following but not limited itemized damages:

    A.     Hospital, medical and drug expenses, past and future;

    B.     Physical and mental pain and suffering, past and future;

    C.     Impairment of earning capacity/lost wages;

    D.     Loss of enjoyment of life;

    E.     Permanent disability; and

    F.     Other items of damages which will be shown at the time of trial.

## CLAIMS UNDER GENERAL MARITIME LAW

In supplement to the above and in further delineating the application of and right to recover under the General Maritime laws of the United States, Plaintiff additionally avers as follows:

19.     At all material times hereto, defendant Plaquemines Parish was the operator of the Plaquemines Pride vessel and employed defendant John Doe as a deckhand.

20.     Defendant Doe's acts and omissions constituted negligence under general maritime law, making defendant Plaquemines Parish liable to Plaintiff as his employer.

21.     Additionally, defendant Plaquemines Parish was negligent in transporting Plaintiff and her vehicle on its maritime vessel.

**22.**     All of the above created a heightened duty of care to Plaintiff as a person being transported on the defendant's maritime vessel, which duty was breached and caused damage to her as set forth above.

**WHEREFORE,** Plaintiff prays for judgment herein in favor of **Sade P. Benson** and against defendants **Walter N. Williams, Plaquemines Parish Government**, and **John Doe** in a sum adequate to compensate Plaintiff for her suffered damages, together with legal interest thereon from date of judicial demand until paid; for all costs of these proceedings; for all statutory penalties and attorney's fees; and for all general and equitable relief.

Respectfully submitted,

LAW OFFICES OF GREGORY P. DILEO, APLC

By:     **/s/ *Gregory P. DiLeo***
Gregory P. DiLeo, LSBA #4943 (T.A.)
Benjamin W. Gulick, LSBA #34874
300 Lafayette Street, Suite 101
New Orleans, LA 70130
Telephone: (504) 522-3456
Facsimile: (504) 522-3888
E-mail:     contact@gregdileo.com
            bengulick@gregdileo.com